IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

IN RE EX PARTE APPLICATION OF ALVARO
CRUZ VARGAS PURSUANT TO 28 U.S.C.
§ 1782 FOR ORDER TO OBTAIN DISCOVERY
FOR USE IN A FOREIGN PROCEEDING.

_____/

**EX PARTE APPLICATION FOR ORDER TO OBTAIN
DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Pursuant to 28 U.S.C. § 1782, Petitioner Alvaro Cruz Vargas ("Mr. Cruz Vargas") submits his *Ex Parte* Application for an Order to Obtain Discovery For Use in a Foreign Proceeding (the "Application") and respectfully requests that the Court issue an Order directing Manuel Dorta-Duque ("Mr. Dorta-Duque") to provide testimony and produce documents for use in an ongoing government investigation in Colombia. In support of his request, Mr. Cruz Vargas states as follows:

**I.      INTRODUCTION**

Mr. Cruz Vargas seeks this discovery in connection with an ongoing investigation by the public prosecutor of Colombia (the "Public Prosecutor") regarding the award of construction contracts by the Colombian government in 2009 (the "Investigation"). One of the companies involved in the Investigation is ICM Ingenieros Ltda. ("ICM"), a Colombian construction company. Mr. Cruz Vargas, the current Governor of Cundinamarca, worked for ICM for a period of time prior to his current term in office. As a result of recent allegations that Mr. Cruz Vargas has an ownership interest in ICM, he has become involved in the Investigation.

1

The source of these allegations is Mr. Dorta-Duque, who has made statements to the media that Mr. Cruz Vargas has an ownership in ICM and maintains that he has documents to support his contention. Accordingly, Mr. Cruz Vargas seeks an order pursuant to 28 U.S.C. § 1782 permitting him to seek discovery from Mr. Dorta-Duque regarding Mr. Dorta-Duque's assertions to the media, including the documents Mr. Dorta-Duque claims to have in support of his statements. Mr. Cruz Vargas respectfully submits that his Application should be granted because his request satisfies the requisite criteria for the relief requested.

## II.    FACTUAL BACKGROUND

Beginning in December 2009, allegations arose regarding irregularities in the award of multimillion dollar construction contracts by the Colombian government to certain companies. ICM, another construction company called Incoasfaltos S.A., and a temporary union of both construction companies, Asfaltos 2009, were implicated in these allegations. Subsequently, the Colombian government launched the Investigation regarding the companies and persons involved in the relevant transactions. *See* Declaration of Oscar Mauricio Sierra Fajardo ("Sierra Decl."), a true and correct copy of which is attached hereto as Exhibit A, at ¶ 2.

Mr. Cruz Vargas is involved in the Investigation as a result of his work as financial advisor for ICM, and the recent allegations by Mr. Dorta-Duque that Mr. Cruz Vargas was a partner with an ownership interest in ICM. Specifically, Mr. Dorta-Duque has appeared on radio shows, including Radio Caracol in Miami, alleging that he has proof of Mr. Cruz Vargas' ownership in ICM. Sierra Decl. at ¶ 4. Mr. Dorta-Duque has already provided the media with several documents or portions of documents that he claims support his contentions. *Id.*

As a public official, whether Mr. Cruz Vargas has an ownership interest in ICM is highly material to the Investigation, and the documents and other information Mr. Dorta-Duque has

publicly claimed he has regarding such interest are relevant to the Investigation. Sierra Decl. at ¶ 6. The results of the Investigation will be reviewed by the Supreme Court of Justice of Colombia ("Colombian Supreme Court"). Sierra Decl. at ¶¶ 6-7. Therefore, Mr. Cruz Vargas seeks to obtain all documents and information that Mr. Dorta-Duque has that are relevant to the Investigation, including, but not limited those that Mr. Dorta-Duque has already stated he has in his possession, in order to adequately support his position in the Investigation.

### III.   DISCOVERY REQUESTED

Mr. Cruz Vargas seeks the following documents and electronically stored information from Mr. Dorta-Duque, as well as testimony regarding Mr. Dorta-Duque's knowledge of Mr. Cruz Vargas' purported ownership interest in ICM:

1. Communications between ICM and Mr. Dorta-Duque that Mr. Dorta-Duque contends show Mr. Cruz Vargas' ownership interest in ICM;

2. Communications between Mr. Cruz Vargas and Mr. Dorta-Duque that Mr. Dorta-Duque contends show Mr. Cruz Vargas' ownership interest in ICM;

3. Communications with anyone, of any kind, that Mr. Dorta-Duque contends show Mr. Cruz Vargas' ownership interest in ICM;

4. Contracts, agreement, notes or other legal documents that Mr. Dorta-Duque contends show Mr. Cruz Vargas' ownership interest in ICM;

5. ICM corporate documents showing Mr. Cruz Vargas' ownership interest in ICM;

6. Documents Mr. Dorta-Duque contends show that Mr. Cruz Vargas was not an advisor to ICM, as Mr. Dorta-Duque stated to Caracol Televisión on or about April 27, 2015;

7. Documents Mr. Dorta-Duque contends show that Mr. Cruz Vargas is a partner of Luis Guillermo Mesa, the manager of ICM, as Mr. Dorta-Duque stated to Caracol Televisión on or about April 20, 2015;

8. Documents Mr. Dorta-Duque contends show that ICM, Luis Guillermo Mesa, and Mr. Cruz Vargas purchased an apartment in Aventura, Florida, as Mr. Dorta-Duque stated to Caracol Televisión on or about April 21, 2015;

9. A complete set of all documents Mr. Dorta-Duque has provided to the media regarding Mr. Cruz Vargas and/or ICM;

10. Documents Mr. Dorta-Duque referred to or relied on in making statements to the media regarding the relationship between Mr. Cruz Vargas and ICM; and

11. Any other documents Mr. Dorta-Duque contends show Mr. Cruz Vargas' alleged relationship with ICM.

Mr. Cruz Vargas is entitled to seek this discovery from Mr. Dorta-Duque in the Southern District of Florida for the reasons more fully set forth below.

## IV. MEMORANDUM OF LAW

### A. This Court has Discretion Pursuant to 28 U.S.C. § 1782 to Authorize the Discovery Requested

Upon the application of "any interested person," a district court may order discovery in accordance with the Federal Rules of Civil Procedure from a person residing in the district "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). In enacting Section 1782, "Congress substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-48 (2004). Accordingly, district courts have broad discretion in granting judicial assistance under Section

1782.  *See, e.g., Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014) (affirming denial of a motion to grant of discovery under 28 U.S.C. § 1782); *In re Clerici,* 481 F.3d 1324, 1331 (11th Cir. 2007) (same); *In re Alianza Fiduciaria, S.A.*, No. 13-81002-MC, 2013 WL 6225179, at *3 (S.D. Fla. Oct. 24, 2013) (Matthewman, J.) (granting *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 for use in Colombian proceedings).

To satisfy the threshold requirements of Section 1782 and obtain an order permitting discovery, Mr. Cruz Vargas must show:

1. That the Application is made by a foreign or international tribunal or "any interested person;"

2. That the Application seeks evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing;"

3. That the discovery is sought "for use in a proceeding in a foreign or international tribunal;" and

4. That the person from whom discovery is sought "resides" (or is found) in the district of the district court to which the application is made,

28 U.S.C. § 1782(a); *see also Consorcio Ecuatoriano*, 747 F.2d at 1269; *In re Clerici,* 481 F.3d at 1331-32.  The Supreme Court has cautioned lower courts against reading any additional requirements into the statute's application.  *See Intel*, 542 U.S. at 255 (advising lower courts to resist placing additional "categorical limitations . . . on the statute's reach.").  As set forth below, because Mr. Cruz Vargas' request for discovery to be used in connection with the Investigation satisfies all four statutory requirements, the Application should be granted.  *See Consorcio Ecuatoriano*, 747 F.2d at 1271; *In re Clerici*, 481 F.3d at 1333.

### 1. Mr. Cruz Vargas is an "interested person."

Mr. Cruz Vargas is an "interested person" within the meaning of Section 1782 and is therefore entitled to the discovery he seeks. An "interested person" under the meaning of the statute includes parties to foreign actions, persons with "participation rights" in the foreign proceeding, including the right to submit information for a tribunal or other entity's consideration, and persons who have an interest in the outcome of the foreign proceeding. *Intel Corp.*, 542 U.S. at 256-57. Here, Mr. Cruz Vargas is involved in the Investigation, and the documents Mr. Dorta-Duque has in his possession are directly relevant to the Investigation and any future proceedings before the Supreme Court. Sierra Decl. at ¶¶ 5-6. In addition, Mr. Cruz Vargas has the right to present evidence in support of his position to the Public Prosecutor for his consideration, which evidence could ultimately be reviewed by the Colombian Supreme Court. Sierra Decl. at ¶¶ 7-8. Therefore, Mr. Cruz Vargas is involved in, and has the right to participate in, the Investigation, qualifying him as an "interested person" for purposes of Section 1782. *See Intel Corp.*, 542 U.S. at 256-57.

### 2. The Application seeks evidence as defined by Section 1782.

Moreover, Mr. Cruz Vargas seeks "evidence" as contemplated by 28 U.S.C. § 1782. The statute requires that an applicant seek "testimony or statement" of a person or the production of "a document or other thing." 28 U.S.C. § 1782(a); *see also Consorcio Ecuatoriano*, 747 F.2d at 1269; *In re Clerici,* 481 F.3d at 1331-32. As set forth above and in the proposed subpoena *duces tecum* attached hereto as Exhibit B, Mr. Cruz Vargas' Application expressly seeks the testimony of Mr. Dorta-Duque and the production of narrowly defined categories of relevant documents for Mr. Cruz Vargas' use as evidence in support of his position in the Investigation. Sierra Decl. at ¶¶ 5-6. This is precisely the type of "evidence" contemplated by the statute, and the Court

should therefore grant the instant Application. *See* 28 U.S.C. § 1782(a); *see also Consorcio Ecuatoriano*, 747 F.2d at 1269; *In re Clerici,* 481 F.3d at 1331-32.

### 3. Mr. Cruz Vargas properly seeks discovery for use in a foreign proceeding.

The Application also satisfies the third statutory requirement because Mr. Cruz Vargas intends to use the discovery he obtains from Mr. Dorta-Duque in a foreign proceeding within the meaning of the statute. Section 1782 expressly recognizes that the district court may order discovery for use in "criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). The Supreme Court's guidance on this point is clear:

> Section 1782(a) does not limit the provision of judicial assistance to "pending" adjudicative proceedings. In 1964, when Congress eliminated the requirement that a proceeding be "judicial," Congress also deleted the requirement that a proceeding be "pending." . . . The legislative history of the 1964 revision is in sync; it reflects Congress' recognition that judicial assistance would be available "whether the foreign or international proceeding *or investigation* is of a criminal, civil, administrative, or other nature." In 1996, Congress amended § 1782(a) to clarify that the statute covers "criminal investigations conducted before formal accusation." Nothing suggests that this amendment was an endeavor to rein in, rather than to confirm, by way of example, the broad range of discovery authorized in 1964. In short, we reject the view . . . that § 1782 comes into play only when adjudicative proceedings are "pending" or imminent." Instead, we hold that § 1782(a) requires only that a dispositive ruling . . . be within reasonable contemplation.

*Intel*, 542 U.S. at 258-59 (emphasis in original) (internal citations omitted). Indeed, the relevant legislative history shows that Congress expressly intended the district court to have discretion to authorize discovery where, as here, "proceedings are pending before investigating magistrates in foreign countries." *Id.* at 259.

Accordingly, courts in the Eleventh Circuit have repeatedly recognized that an ongoing investigation or other preliminary type of proceeding prior to commencing a formal adjudicative proceeding is sufficient to constitute a "foreign proceeding" as required by Section 1782. *See,*

7

*e.g., Consorcio Ecuatoriano*, 747 F.3d at 1270-71 (affirming denial of motion to vacate where discovery was sought for use in a preliminary investigation in anticipation of potential civil and criminal proceedings in Ecuador); *In re Pimenta*, 942 F. Supp. 2d 1282, 1287-88 (S.D. Fla. 2013) (Altonaga, J.) (granting discovery for use in a future civil proceeding "within reasonable contemplation."); *In re Braga*, 272 F.R.D. 621, 625 n.5 (S.D. Fla. 2011) (recognizing that an "ongoing investigation" is "an appropriate basis for relief pursuant to § 1782"); *In re Request from the Czech Republic Pursuant to the Treaty Between the United States and the Czech Republic on Mutual Assistance in Criminal Matters*, No. 3:08-mc-001-J-33TEM, 2008 WL 179263, at *3 (M.D. Fla. Jan. 17, 2008) (granting discovery under § 1782 for use in a pending criminal investigation in the Czech Republic).

Here, the Application seeks discovery of documents and information for Mr. Cruz Vargas' use in the ongoing Investigation by the Public Prosecutor in Colombia. Sierra Decl. at ¶¶ 2, 5-7. The discovery sought herein would be useful to Mr. Cruz Vargas not only in the pending Investigation, but in any future judicial proceeding that may result from the Investigation. Sierra Decl. at ¶¶ 6-8. Accordingly, Mr. Cruz Vargas' Application properly seeks discovery for use in a "foreign proceeding" within the meaning of Section 1782, and should be granted. *Intel*, 542 U.S. at 158-59; *Consorcio Ecuatoriano*, 747 F.3d at 1270-71; *In re Pimenta*, 942 F. Supp. 2d at 1287-88; *In re Braga*, 272 F.R.D. at 625 n.5; *In re Request from the Czech Republic*, 2008 WL 179263, at *3.

### 4. Mr. Dorta-Duque is located in the Southern District of Florida.

Mr. Dorta-Duque resides in Miami-Dade County, Florida and, therefore, is located in the Southern District of Florida. Based on information available to the undersigned, Mr. Dorta-Duque has the following addresses in the Southern District: (a) 24129 SW 119th Avenue, Miami, Florida 33032-4302, and (b) 11999 SW 248 Street, Miami, Florida, 33032-5903. Accordingly,

the Application satisfies all threshold statutory requirements, and the Court may grant Mr. Cruz Vargas' Application.

> **B.     *The Court Should Exercise Its Considerable Discretion to Grant the Application.***

Given that the threshold requirements of 28 U.S.C. § 1782 are satisfied, the Court should exercise its discretion to grant Mr. Cruz Vargas' Application. Once the *prima facie* requirements of the statute are satisfied, the Supreme Court has noted the following factors to be considered in exercising discretion to permit discovery under Section 1782:

1. Whether the person from whom discovery is sought is a participant in the foreign proceeding, and is thus accessible absent § 1782 aid;

2. The "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;"

3. Whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

4. Whether the discovery request is unduly intrusive or burdensome.

*Intel Corp.*, 542 U.S. at 264-65; *In re Clerici*, 481 F.3d at 1334. Here, all four discretionary factors weigh conclusively in favor of granting Mr. Cruz Vargas' Application.

First, Mr. Dorta-Duque is not a party to, or otherwise a participant in, the Investigation. In addition, Mr. Dorta-Duque is a resident of Miami-Dade County, Florida, and is thus outside the jurisdiction of the Public Prosecutor or the Colombian Supreme Court. Accordingly, the discovery sought in Mr. Cruz Vargas' Application is not accessible to Mr. Cruz Vargas absent assistance of the Court pursuant to 28 U.S.C. § 1782. *See Intel*, 542 U.S. at 264; *In re Clerici*,

481 F.3d at 1334-35; *In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1303 (S.D. Fla. 2012) (granting § 1782 aid even though some of the requested discovery may have been available through other means).

Second, the Colombian Public Prosecutor and courts will likely accept the Court's assistance. Sierra Decl. at ¶ 8. As set forth more fully above, the nature and character of the ongoing Investigation and potential future proceedings before the Colombian Supreme Court is specifically recognized as an appropriate basis for relief under 28 U.S.C. § 1782. *See Intel*, 542 U.S. at 158-59; *Consorcio Ecuatoriano*, 747 F.3d at 1270-71; *In re Pimenta*, 942 F. Supp. 2d at 1287-88; *In re Braga*, 272 F.R.D. at 625 n.5; *In re Request from the Czech Republic*, 2008 WL 179263, at *3. Mr. Cruz Vargas is entitled to submit evidence he seeks here to support his position in the Investigation and any future proceedings before the Colombian Supreme Court, and the Public Prosecutor and Colombian courts would accept the evidence obtained in this district. Sierra Decl. at ¶¶ 7-8. Thus, the second *Intel* factor also weighs in favor of granting Mr. Cruz Vargas' Application.

Third, the Application is not made to circumvent the discovery or other proof-gathering restrictions to which Mr. Cruz Vargas would be subject in Colombia. *See* Sierra Decl. at ¶ 9. Significantly, Section 1782 contains no "discoverability" requirement, and thus an applicant need not show that the information sought would be discoverable in the forum in which the foreign proceeding is pending or in the United States. *Intel*, 542 U.S. 259-63. Moreover, absent a persuasive showing that the applicant is actively seeking to circumvent the foreign tribunal's discovery methods and restrictions, relief under Section 1782 will not be denied based on this factor. *In re Application of Mesa Power Grp.*, 878 F. Supp. 2d at 1305; *In re Application of Winning (HK) Shipping Co. Ltd.*, No. 09-22659-MC, 2010 WL 1796579, at *10 (S.D. Fla. Apr.

30, 2010) (Simonton, J.).  Here, the requested discovery is not inconsistent with any Colombian rules of discovery or proof-gathering restrictions.  Sierra Decl. at ¶ 9.  Mr. Cruz Vargas seeks discovery that is directly relevant to the Investigation, and that he is entitled to submit to the Public Prosecutor and to the Colombian Supreme Court.  Sierra Decl. at ¶¶ 6-7.  Thus, consideration of the third *Intel* factor also weighs in favor of granting the Application.

Fourth, Mr. Cruz Vargas' discovery requests are neither unduly intrusive nor burdensome.  The Application and attached subpoena *duces tecum* seek discovery that is narrowly tailored to the documents and information Mr. Dorta-Duque has publicly stated he has in his possession, some of which he has already provided to the media.  As set forth above, these documents and information are directly relevant to the subject matter of the Investigation, and therefore are properly the subject of a request for assistance under Section 1782.  *See, e.g., Consorcio Ecuatoriano*, 747 F.3d at 1272 (affirming district court's grant of § 1782 aid where the subpoena requests related directly to the contract at issue); Sierra Decl. at ¶¶ 2, 6.

Accordingly, Mr. Cruz Vargas' Application satisfies the four discretionary factors enumerated by the *Intel* Court, and this Court should exercise its discretion to permit the discovery Mr. Cruz Vargas seeks.

C. **The Court May Grant the Application *Ex Parte***

Finally, the Eleventh Circuit has recognized that relief pursuant to 28 U.S.C. § 1782 may be granted on an *ex parte* basis.  *See, e.g., In re Clerici*, 481 F.3d at 1337 (affirming district court's denial of motion to vacate order granting *ex parte* application); *In re Alianza Fiduciaria*, 2013 WL 6225179, at *2.  Therefore, and for the reasons stated herein, the Court should grant the instant Application.

V. **CONCLUSION**

Based on the foregoing, Mr. Cruz Vargas respectfully requests that the Court issue an Order: (1) granting the Application; (2) authorizing Mr. Cruz Vargas to issue a subpoena *duces tecum* to Mr. Dorta-Duque, in the form attached as Exhibit "B," directing him to appear for deposition and produce the requested discovery on July 16, 2015, or a reasonable date after the issuance of this Order; (3) directing Mr. Dorta-Duque to preserve all evidence related to the subject matter of this Application; and (4) granting any additional relief the Court deems just and proper.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Alvaro Mr. Cruz Vargas*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida  33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: hunnefelda@gtlaw.com
spahne@gtlaw.com


/s/ Angelika Hunnefeld
ANGELIKA HUNNEFELD
Florida Bar No. 70246
EVA M. SPAHN
Florida Bar No. 92063